**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEVEN R. WILLIAMS** | **CIVIL ACTION** |
| **versus** | **NO. 14-1517** |
| **N. BURL CAIN, WARDEN** | **SECTION: "E" (1)** |

**REPORT AND RECOMMENDATION**

On June 27, 2014, petitioner, Steven R. Williams, filed the instant federal *habeas corpus* application seeking relief under 28 U.S.C. § 2241.[1] On November 12, 2014, the United States District Judge referred the matter to the undersigned for submission of proposed findings and recommendations.[2] Having determined that this matter can be disposed of without an evidentiary hearing, the undersigned recommends that the petition be recharacterized as an application seeking relief under 28 U.S.C. § 2254 and dismissed with prejudice as untimely for the following reasons.

Petitioner is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. On April 12, 2005, he was convicted in Orleans Parish Criminal District Court of second degree murder, conspiracy to commit second degree murder, and aggravated battery.[3] On August 26, 2005, he was sentenced as follows: life imprisonment without benefit of probation, parole, or suspension of sentence on the second degree murder conviction; thirty years without

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 29.

[3] State Rec., Vol. XIII of XVI, trial transcript, pp. 978-79; State Rec., Vol. I of XVI, minute entry dated April 12, 2005; State Rec. Vol. II of XVI, jury verdict forms.

benefit of probation, parole, or suspension of sentence on the conspiracy conviction; and ten years on the aggravated battery conviction. It was ordered that the sentences be served concurrently. On that same date, he was then also found to be a second offender and resentenced as such on the conspiracy conviction to a concurrent term of forty years imprisonment without benefit of probation, parole, or suspension of sentence.[4] On January 23, 2008, the Louisiana Fourth Circuit Court of Appeal affirmed those convictions and sentences.[5] The Louisiana Supreme Court then denied petitioner's related writ application on October 24, 2008.[6]

On November 26, 2013, petitioner filed a "Writ Application for *Habeas Corpus* Challenging Custody" with the Louisiana Twentieth Judicial District Court for the Parish of West Feliciana.[7] Finding that petitioner was actually filing an application for post-conviction relief, and further finding that any such application must be filed in the Orleans Parish Criminal District Court, the court dismissed that application on December 2, 2013.[8] Petitioner's related writ application was

---

[4] State Rec., Vol. II of XVI, transcript of August 26, 2005; State Rec., Vol. I of XVI, minute entries dated August 26, 2005.

[5] State v. Williams, 977 So.2d 160 (La. App. 4th Cir. 2008) (No. 2006-KA-1327); State Rec., Vol. IV of XVI.

[6] State v. Williams, 992 So.2d 1033 (La. 2008) (No. 2008-K-0413); State Rec., Vol. IV of XVI.

[7] State Rec., Vol. XVI of XVI. It appears that, on November 7, 2013, petitioner had previously attempted to file an application with the Orleans Parish Criminal District Court seeking relief under 28 U.S.C. § 2241. However, he was informed by a staff member of that court that applications seeking relief under § 2241 must be filed with a federal court, not a state court, and that his application would therefore not be considered. Rec. Doc. 1, p. 20.

[8] State Rec., Vol. XVI of XVI, Judgment dated December 2, 2013.

likewise denied by the Louisiana First Circuit Court of Appeal on May 5, 2014.[9] He then sought review by the Louisiana Supreme Court,[10] and that writ application is currently pending.

On June 18, 2014, petitioner filed an application with this Court seeking *habeas corpus* relief under 28 U.S.C. § 2254.[11] However, on June 27, 2014, he voluntarily dismissed that application and simultaneously filed the instant federal application seeking *habeas corpus* relief under 28 U.S.C. § 2241.[12] In support of this application, he claims that the trial court in his state criminal proceedings lacked subject matter jurisdiction. In its response in this federal proceeding, the state argues that the instant application should be construed as one seeking relief under 28 U.S.C. § 2254 and dismissed as untimely.[13] Petitioner has filed a reply to the state's response.[14]

Clearly, both § 2241 and § 2254 can serve as a basis for relief for state prisoners. However, the two sections are not interchangeable; rather, each applies in a specific situation. Specifically, § 2254 applies when a prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court, while § 2241 applies when a prisoner is instead challenging the manner in which prison officials are executing his sentence. See Stewart v. Cain, No. 95-30865, 1995 WL 727244 (5th Cir. Nov. 21, 1995).

---

[9] Williams v. Cain, No. 2014 CW 0107 (La. App. 1st Cir. May 5, 2014); State Rec., Vol. XVI of XVI.

[10] State Rec., Vol. XVI of XVI.

[11] Williams v. Cain, Civ. Action No. 14-1451 "E"(1).

[12] Rec. Doc. 1.

[13] Rec. Doc. 20.

[14] Rec. Doc. 25.

Here, there is no question that petitioner's claim, i.e. that the trial court lacked subjected matter jurisdiction, challenges the validity of his convictions and sentences, not the manner in which his sentences are being executed. Therefore, he must seek relief under § 2254, **not** § 2241. See Propes v. District Attorney Office, 445 Fed. App'x 766, 767 (5th Cir. 2011); Smith v. Stephens, No. 4:13-CV-544, 2013 WL 3456675, at *1 (N.D. Tex. July 9, 2013); Sims v. Cooper, Civ. Action No. 12-409, 2012 WL 5463909, at *2 (E.D. La. Oct. 11, 2012), adopted, 2012 WL 5463784 (E.D. La. Nov. 8, 2012).

It is also clear why petitioner is trying to avoid seeking relief under § 2254. For the reasons explained in detail later in this opinion, he has waited too long to file a § 2254 petition. However, that fact does not make him eligible to proceed under § 2241. As has been explained:

> A petitioner may not utilize § 2241, however, merely to avoid various statutory provisions specifically applicable to § 2254 actions. Relatedly, [the petitioner] argues that he may resort to filing under 28 U.S.C. § 2241, because the remedy provided under 28 U.S.C. § 2254 is "inadequate or ineffective" to test the legality of his conviction. This argument is without merit. Section 2254 specifically governs any challenge to petitioner's state conviction. Section 2241 exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements. Section 2254 is not "ineffective" merely because the one-year statute of limitations applicable to the filing of a petition under § 2254 has expired ....

Williams v. O'Brien, Civ. Action No. 4:06-CV-834, 2007 WL 60487, at *1 (N.D. Tex. Jan. 5, 2007) (footnotes and quotation marks omitted). Accordingly, this Court may, and should, recharacterize petitioner's federal application as one seeking relief under 28 U.S.C. § 2254. See Propes, 445 Fed. App'x at 767.

When properly considered as a § 2254 application, it is clear that the application must be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[15] On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008). Here, the Louisiana Supreme Court denied relief on direct review on October 24, 2008.[16] Accordingly, petitioner's state criminal judgment became final for AEDPA purposes ninety days later on January 22, 2009. His one-year federal limitations period then commenced on that date and expired on January 22, 2010, unless that period was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State

---

15 Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

16 State v. Williams, 992 So.2d 1033 (La. 2008) (No. 2008-K-0413); State Rec., Vol. IV of XVI.

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period.[17]

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether

[17] The Court notes that petitioner subsequently sought post-conviction relief in 2013. However, applications filed *after* the expiration of the federal statute of limitations have no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4 (E.D. La. July 24, 2000), aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period has expired, "[t]here [is] nothing to toll." Butler, 533 F.3d at 318.

the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than January 22, 2010, in order to be timely. His federal application was not filed until June 27, 2014, and, therefore, it is untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Steven R. Williams' federal *habeas corpus* petition seeking relief pursuant to 28 U.S.C. § 2241 be recharacterized as a petition seeking relief pursuant to 28 U.S.C. § 2254 and **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this ninth day of February, 2015.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

[18] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.